# Nora Zablow v. Department of Employment Security

[398 A.2d 305]

No. 343-77

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed February 6, 1979

*William G. Martin,* Vermont Legal Aid, Inc., Montpelier, for Plaintiff.

*Michael F. Ryan,* Montpelier, for Defendant.

**Per Curiam.** This is an appeal from an order of the Vermont Employment Security Board disqualifying appellant from unemployment benefits on the ground that she had left her last employing unit voluntarily without good cause attributable to such employing unit. 21 V.S.A. § 1344(a)(2)(A). We reverse.

The plaintiff had been employed as a cashier by Levitt Industries. On three or four occasions during the course of her employment, her weekly paycheck, which was due each Friday, did not arrive on time. The checks were mailed out from a home office in another state to the local store in Vermont. On Friday, June 17, 1977, plaintiff went to the store for her paycheck, which she was depending on to pay personal bills, but once again it had not arrived. The plaintiff then called the Vermont Department of Labor and Industry. The Department's representative called plaintiff's employer and indicated that a cash "advance" should be made, and that if this was not done, the employer would be violating the law. 21 V.S.A. § 342(a). On other occasions the employer had paid other employees out of petty cash but refused to do so for the plaintiff on this occasion. The following Thursday, plaintiff gave her employer notice that she was going to quit, and terminated her employment two weeks later on July 7, 1977. A

majority of the Vermont Employment Security Board disqualified plaintiff from receiving unemployment benefits.

Employers have a duty under 21 V.S.A. § 342 in addition to any they might have under their employment contracts to pay their employees in a timely manner. The characterization of the request here as being for an "advance" was error, since on the regular payday plaintiff had earned and was entitled to her wages. Failure by the employer to pay plaintiff her wages when due, coupled with the three or four prior late payments of wages, constituted good cause for plaintiff to leave and was attributable to the employer.

*The order of the Employment Security Board is reversed, and the cause is remanded for a computation and award of appropriate benefits.*